

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------x
ARGO TURBOSERVE CORPORATION,  :

                Plaintiff,  :    MEMORANDUM DECISION
                                :       AND ORDER
    -against-                    :
                                  :      18 Civ. 489 (GBD) (GWG)
AERO EXCEL COMPONENTS, LLC,  :

                Defendant.  :
------------------------------------x

GEORGE B. DANIELS, United States District Judge:

On January 19, 2018, Plaintiff Argo Turboserve Corporation filed suit against Defendant Aero Excel Components, LLC to recover damages and costs stemming from Defendant's breach of the parties' lease agreement. Pursuant to the agreement, Defendant leased Plaintiff's Auxiliary Power Unit ("APU")—a commercial aircraft part—and was obligated to pay a monthly fee. After months of continued nonpayment, Plaintiff terminated the lease agreement and sought the return of the APU, to no avail.

On June 25, 2018, this Court granted Plaintiff's motion for default judgment and referred the matter to Magistrate Judge Gabriel Gorenstein for an inquest on damages. (Order of Reference to a Magistrate Judge, ECF No. 23.) Before this Court is Magistrate Judge Gorenstein's October 10, 2018 Report and Recommendation ("Report," ECF No. 30)[1], recommending an award of damages and prejudgment interest. In his Report, Magistrate Judge Gorenstein found that Plaintiff is entitled to "(A) $1,405,000.00 plus (B) $425.00 per day from September 22, 2016, until the date judgment is entered plus (C) $328.77 per day from September 22, 2016, until the date judgment is entered plus (D) prejudgment interest of $135.68 per day from September 22, 2016, until the date

---

[1] A more complete procedural and factual background is set forth in greater detail in the Report and Recommendation and is incorporated by reference herein.

judgment is entered." (*Id.* at 10.) Magistrate Judge Gorenstein also advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.*) President of Defendant Aero Excel Components, LLC, Luis Bello ("President Bello"), mailed a response to this Court's chambers, raising only perfunctory objections regarding Magistrate Judge Gorenstein's ability to administer a hearing. (*See* Notice to Object to Magistrate/Hearing ("Objs.").)[2]

Having reviewed the Report *de novo* and for clear error, and finding none, this Court overrules President Bello's objections and ADOPTS the Report in full.

## I. LEGAL STANDARDS

### A. Report and Recommendations

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* The court is not required to conduct a *de novo* hearing on the matter, however. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Rather, "[i]t is sufficient that the district court 'arrive at its own, independent conclusion about those portions of the magistrate's report to which objection is made.'" *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (quoting *Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983)).

---

[2] Though President Bello purports to object on Aero Excel Components, LLC's behalf, his objections are improper because "a corporation must appear through licensed counsel[.]" *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007); *see also Jacobs v. Patent Enf't Fund, Inc.*, 230 F.3d 565, 568 (2d Cir. 2000) (finding that the defendant corporation could not appear *pro se* through its president because "it is settled law that a corporation cannot generally appear in federal court except through its lawyer."). Still, this Court has considered the objections.

2

Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citation omitted). In addition, if a party's objection reiterates a prior argument, or consists entirely of conclusory or general arguments, the court should review the Report only for clear error. *See McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009); *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339–40 (S.D.N.Y. 2009). Clear error is present only when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

## B. Default Judgment and Computation of Damages

Following a default judgment, the court must accept all well-pleaded factual allegations of the complaint as true. *See Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). The court does not automatically accept the allegations of the complaint relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). Instead, the court "must conduct an inquest in order to determine the amount of damages with reasonable certainty, and it may make such determination without a hearing, as long as it [has] ensured that there is a basis for the damages specified in the default judgment." *Verizon Directories Corp. v. AMCAR Transp. Corp.*, No. 05 Civ. 08867 (GBD)(RLE), 2008 WL 4891244, at *2 (S.D.N.Y. Nov. 12, 2008) (citations omitted). In conducting an inquest, a court is required to determine (1) "the proper rule for calculating damages on the claim" and (2) "whether plaintiff's evidence sufficiently supports the damages to be determined under that rule." *Id.*

## II. THE REPORT'S DAMAGES AWARD

### A. Magistrate Judge Gorenstein has the Authority to Issue the Report

In opposition to the Report, President Bello contends that Magistrate Judge Gorenstein lacks the authority to conduct a "Magistrate hearing" because, "[p]ursuant to 28 U.S.C. §

3

636(b)(1)(a) and Rule 72 a Magistrate hearing would [*sic*] take place **only** if both parties are in total agreement along with other circumstances that would apply." (Objs. at 1.) President Bello also states that "a Magistrate Judge's duties are strictly executive and/or administrative" and that he therefore "reject[s] a Hearing with [a] Magistrate Judge[.]" (*Id.* at 2.)

As a preliminary matter, President Bello's reading of 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72 is incorrect. A magistrate judge need not obtain the consent of both parties to decide a matter. Indeed, the federal statute that President Bello cites clearly states that "a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court[.]" 28 U.S.C. § 636(b)(1)(A). When a matter is dispositive of a party's claims, the magistrate judge must file proposed findings and recommendations, which a district judge reviews either *de novo* or for clear error. *See* 28 U.S.C. § 636(b)(1)(A)–(C); *see also* Fed. R. Civ. P. 72(b)(1)–(3). Moreover, a magistrate judge may "conduct hearings, including evidentiary hearings[.]" 28 U.S.C. § 636(b)(1)(B). Where, as here, a district judge refers a case to a magistrate judge for an inquest on damages, the magistrate judge may review all findings of fact and conclusions of law, and draft a Report based on those findings. *See* 28 U.S.C. § 636(b)(1)(C). Therefore, Magistrate Judge Gorenstein properly reviewed the record in this case and issued a Report detailing Plaintiff's damages based on that record.

Although President Bello's "objections" do not address the substance of the Report or its legal reasoning, this Court reviews the Report's findings *de novo*. This Court reviews for clear error those portions of the Report to which President Bello makes only perfunctory objections.

### B. Plaintiff is Entitled to Compensatory Damages

Magistrate Judge Gorenstein correctly found that Plaintiff is entitled to compensatory damages because it adequately pleaded and proved a breach of contract claim. As Magistrate Judge Gorenstein's Report accurately notes, "[t]o recover damages for breach of contract under

4

New York law, a plaintiff must prove '(1) the existence of a contract, (2) the plaintiff's performance under the contract, (3) the defendant's breach of the contract, and (4) resulting damages.'" (Report at 5 (quoting *Palmetto Partners, L.P. v. AJW Qualified Partners, LLC*, 921 N.Y.S.2d 260, 264 (App. Div. 2011) (citations omitted))); *see also Labajo v. Best Buy Stores, L.P.*, 478 F. Supp. 2d 523, 529 (S.D.N.Y. 2007) (same). Magistrate Judge Gorenstein correctly found that Plaintiff satisfied all four of these elements: (1) Plaintiff provided the lease agreement (*See* Plaintiff's Proposed Findings of Fact for Default Judgment, ECF No. 25, Ex. 2 ("Lease Agreement")); (2) Plaintiff delivered the APU to Defendant per the terms of the contract; (3) Plaintiff demonstrated that Defendant breached the contract by ceasing payment as of September 22, 2016 and failing to return the APU; and (4) Plaintiff "has provided sufficient evidentiary support for its claimed damages resulting from" the breach. (Report at 5.)

In deciding the amount of compensatory damages to which Plaintiff is entitled, Magistrate Judge Gorenstein correctly found that, "under New York law, where the breach of contract was a failure to pay money, the plaintiff is entitled to recover the unpaid amount due under the contract plus interest." (*Id.* at 6 (quoting *House of Diamonds v. Borgioni, LLC*, 737 F. Supp. 2d 162, 172 (S.D.N.Y. 2010)).) Additionally, "'a party injured by a breach [of contract] is entitled to recover damages that are the natural and probable consequence of the breach.'" (*Id.* (quoting *APL Co. PTE Ltd. v. Blue Water Shipping U.S. Inc.*, 592 F.3d 108, 111 (2d Cir. 2010)).) Applying these principles, Magistrate Judge Gorenstein properly calculated that "the damages under the Lease are (a) $1,405,000.00, plus (b) $425.00 per day starting on September 22, 2016, until the date judgment is entered, plus (c) $328.77 per day from September 22, 2016, until the date of judgment is entered." (*Id.* at 7.)

5

## C. Plaintiff is Entitled to Prejudgment Interest

Magistrate Judge Gorenstein correctly found that "state law governs the award of prejudgment interest." (*Id.* at 7 (quoting *Schipani v. McLeod*, 541 F.3d 158, 164 (2d Cir. 2008)).) He also correctly found that, under New York law, the "inclusion of a clause directing that interest accrues at a particular rate 'until the principal is paid' (or words to that effect) alters the general rule that interest on principal is calculated pursuant to New York's statutory interest rate after the loan matures or the debtor defaults." (*Id.* at 8 (quoting *NML Capital v. Republic of Argentina*, 17 N.Y.3d 250, 258–59 (2011)).) Applying this rule, Magistrate Judge Gorenstein correctly determined that Plaintiff is entitled to prejudgment interest at 18%, as stipulated in the lease agreement,[3] and accurately concluded that "the sum of interest owed is $135.68 per day from September 22, 2016, until the date judgment is entered." (*Id.* at 9.)

## III. <u>CONCLUSION</u>

President Bello's objections are OVERRULED and Magistrate Judge Gorenstein's Report is ADOPTED.

The Clerk of Court is directed to close this case, accordingly.

Dated: New York, New York
      December 1?, 2018

SO ORDERED.

GEORGE B. DANIELS
United States District Judge

---

[3] "[A]ny sum due [to Plaintiff] hereunder that is not paid within 30 days of due date shall thereafter bear interest, from day to day, at a rate equal to eighteen percent (18%) per annum until paid[.]" (Report at 8 (quoting Lease Agreement ¶ 4.2.1).)

6